# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

STELLAR IT SOLUTIONS, INC., F/K/A STELLAR SOFTWARE NETWORK, INC., a Maryland corporation.

9210 Corporate Blvd, Suite 265, Rockville, MD

KARTIK Krishnamurthy
11015 NE 194th Dr. Bothell, WA 98011

　Plaintiffs,

　　　vs.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
20 Massachusetts Ave NW, Washington DC 20529

　　　　　　Defendants.

Case No.:  18-2015

COMPLAINT

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

# **COMPLAINT**

## I. INTRODUCTION

1. This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et. seq.*, seeking to hold unlawful and set aside the decision of the California Service Center (CSC) Director of the United States Citizenship and Immigration Services (USCIS) in File No. WAC1890227492 on May 31, 2018, denying Stellar It Solutions, Inc., F/K/A Stellar Software Network, Inc. (Stellar)'s Form I-129, Petition for Nonimmigrant Worker upon behalf of Kartik Krishnamurthy, on the grounds that the decision was arbitrary and capricious, inasmuch as USCIS offered an explanation for it that ran counter to the evidence, and it was also not in accordance with law.

2. This action also asks the Court to hold unlawful and set aside the USCIS's denial of Kartik Krishnamurthy's application to extend his H-1B nonimmigrant status in the United States (same date and file number as above), which was denied solely because of the erroneous denial of Stellar's petition upon his behalf.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

## II. PLAINTIFFS

3. Stellar is a Maryland corporation with offices in Maryland and Ohio, and a leading provider of professional software services. Its offerings include custom software development, web development, systems integration, onsite, offsite and offshore software development.  Its project services model consists of requirements gathering, scope estimation, evaluation of the business process, system and framework design, software development, testing and implementation. Exhibit A at 20.

4. Kartik Krishnamurthy is a native and citizen of India who was lawfully employed by Stellar as an H-1B nonimmigrant with USCIS authorization from June 14, 2011 to May 31, 2018. Exhibit A at 59-64. His education and experience has been evaluated by a professor in the field as the equivalent of a Master's degree in Business Administration with a major in Management Information Systems. Exhibit A at 30-31.

## III. DEFENDANT

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

5. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

## IV. JURISDICTION

6. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V. STANDING

7. Stellar has a legally protected interest in a decision by the USCIS on Stellar's petition upon Mr. Krishnamurthy's behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that as a result of this invasion Stellar can no longer employ Mr. Krishnamurthy and so cannot derive the revenue it previously received from the sale of his services to its client; (2) there is a causal connection between the injury-

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of Stellar's petition and Mr. Krishnamurthy's application for extension of stay which prevents him from working for Stellar and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Stellar to employ Mr. Krishnamurthy again and so once more derive revenues from the sale of his services. Accordingly, Stellar has standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)

8. Mr. Krishnamurthy likewise has a legally protected interest in a decision by the USCIS on Stellar's petition upon his behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and this right has been invaded inasmuch as because of the improper denial of this petition his application for extension of stay has also been denied. The invasion of this right has caused him concrete and particularized injury in that as a result of this invasion he can no longer be employed by Stellar and so cannot derive the revenue he previously received from his employment and his presence in the United States has been rendered unlawful; (2) there is a causal connection between the injury-in-fact and the defendants' challenged behavior in that it is precisely the defendants' denial of Stellar's petition and his application for

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- 5 -

extension of stay which prevents him from working for Stellar and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Stellar to employ Mr. Krishnamurthy again and so enable him to support himself and lawfully remain in the United States. Further, Stellar wishes to employ Mr. Krishnamurthy in the offered position. Accordingly, Mr. Krishnamurthy has standing to complain of this action. *Lujan*, *supra*.

## VI. VENUE

9. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the defendant resides.

## VII. BRIEF STATEMENT OF PROCEDURAL HISTORY

10. On August 29, 2017, Stellar filed a Petition for a Nonimmigrant Worker (Form I-129), with USCIS seeking to classify Mr. Krishnamurthy as a temporary worker in a specialty occupation (H-1B) under 8 U.S.C. § 1101(a)(15)(H)(i)(b) with a concurrent request for extension of stay. Exhibit A.

11. On January 23, 2018 the USCIS issued a Request for Evidence pertaining to said petition. Exhibit B.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

12. Although said Request indicated that Stellar had until April 17, 2018 to file a response to this Request, nevertheless on March 20, 2018 USCIS issued a decision prior to Stellar having filed an answer to its request. Exhibit C.

13. On approximately April 17, 2018 Stellar filed a timely motion to reconsider and reopen with USCIS pertaining to this matter. Exhibit D.

14. On May 31, 2018 the USCIS reopened its decision of March 20, 2018 denying this petition, but nevertheless, following that reopening, denied it again. Exhibit E.

15. The stated bases for the Decision[1] of May 31, 2018 were:

(a) Stellar had "not established that you will be a 'United States employer' having an 'employer-employee relationship' with Mr. Krishnamurthy as an H-1 B temporary 'employee.'"; Exhibit E at 3.

(b) Stellar had "not demonstrated that the proffered position is a specialty occupation." Exhibit E at 6.

16. The Decision offered two reasons for its conclusion that Stellar had failed to establish that it was a U.S. Employer: 1) "The record remains absent of evidence regarding the work at the end-client's facility" and 2) Stellar had not proven that it

---

[1] All references to the "Decision" hereafter shall refer to the decision of May 31, 2018.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

actually "supervise(s) or oversee(s) the beneficiary's work while he performs his duties at the client's site.". Exhibit E at 3.

17. The Decision also offered two reasons for its conclusion that Stellar had failed to establish that the job offered Mr. Krishnamurthy was not in a specialty occupation: 1) Stellar supposedly failed to provide "a statement of work detailing the project's outline description, duration, role and the beneficiary's duties to demonstrate the end-client will actually use computer occupations for daily assignments"; and 2) Stellar likewise supposedly failed to establish that "your client has required that the degree must be in a specific specialty." Exhibit E at 5.

18. On the same date USCIS denied Mr. Krishnamurthy's application for extension of stay because Stellar's petition upon his behalf was denied. Exhibit F.

## VIII CAUSE OF ACTION

19. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
> …

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--
  - **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

20. The USCIS's decision of May 31, 2018 denying Stellar's H-1B petition upon behalf of Mr. Krishnamurthy was arbitrary and capricious inasmuch as its finding that "the record remains absent of evidence regarding the work at the end-client's facility" and that Stellar "failed to provide a statement of work detailing the project's outline, description and role and the beneficiary's duty" was arbitrary and capricious in that it runs directly contrary to the evidence in the record.

21. Specifically, it is completely refuted by, and shows a total disregard for, the letter Honda of North America filed in support of Stellar's motion to reconsider and reopen. Exhibit D at 32-33.

22. The USCIS's finding that Stellar lacked an employer-employee relationship with Mr. Krishnamurthy because it had not proven that it actually "supervise(s) or oversee(s) the beneficiary's work while he performs his duties at the client's site" is not in accordance with law.

23. Specifically, under two decisions of the U.S. Supreme Court, the decisions of 9 Circuit Courts of Appeal (including the D.C. Circuit) and the USCIS's own

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

binding Adjudicator's Field Manual, only the right to control is required to establish an employer-employee relationship, and actual control is irrelevant.

24. The Decision was also not in accordance with law because the end-client's requirements are irrelevant to the regulation under which Stellar established that the job was a specialty occupation.

25. Stellar establish that the job was a specialty occupation under the terms of 8 C.F.R. § 214.2(h)(4)(iii)(A)(1) and the end-client requirements would be relevant only if Stellar claimed that the job was a specialty occupation under 8 C.F.R. § 214.2(h)(4)(iii)(A)(3).

**WHEREFORE** it is respectfully requested that this Court hold unlawful and set aside the decisions denying Stellar's petition for nonimmigrant worker upon Mr. Krishnamurthy's behalf and Mr. Krishnamurthy's application for extension of stay on the grounds that they were both arbitrary and capricious and not in accordance with law.

Respectfully submitted this  27th day of August, 2018

*s/Michael E. Piston*
Michael E. Piston (MI 002)

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |

Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|