May 31, 2018

<div style="float:right">
U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590
</div>



STELLAR SOFTWARE NETWORK INC
c/o MICHAEL EDWARD PISTON
TRANSNATIONAL LEGAL SERVICE PC
1955 W HAMLIN RD STE 100
ROCHESTER HILLS, MI 48309



Form I-129, Petition for a Nonimmigrant Worker             WAC1723351576

## DECISION

On August 29, 2017, your organization, STELLAR SOFTWARE NETWORK INC, filed a Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify KRISHNAMURTHY, KARTIK (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

INA § 101(a)(15)(H)(i)(b) provides, in part, for the classification of a qualified nonimmigrant:

> ...who is coming temporarily to the United States to perform services...in a specialty occupation described in section 214(i)(1)..., who meets the requirements for the occupation specified in section 214(i)(2)..., and with respect to whom the Secretary of Labor determines and certifies...that the intending employer has filed with the Secretary an application under section 212(n)(1).

You seek a change in previously approved employment and requested that USCIS extend the beneficiary's stay.

You stated on the Form I-129 that you are an IT consulting and software development company with 20 employees. You seek to employ the beneficiary as a Senior Project Manager from August 29, 2017 to August 29, 2018.

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA and Title 8, Code of Federal Regulations (8 CFR) and could not determine whether you had established eligibility for the benefit sought. Accordingly, USCIS issued a Request for Evidence (RFE) on January 23, 2018. On March 20, 2018, the petition was denied based on the submitted evidence. On April 17, 2018, as part as of a combined motion to reopen and reconsider, you submitted a response and the petition was consequently reopened.

After careful review and consideration of the entire record, based on a preponderance of the evidence, the petition will be denied for the reasons discussed below.

### No Employer-Employee Relationship

The first issue to be discussed is whether you have established that you have an employer-employee relationship with the beneficiary.



8 CFR § 214.2(h)(4)(ii) defines the term "United States employer" as follows:

> United States employer means a person, firm, corporation, contractor, or other association, or organization in the United States which:
>
> > (1) Engages a person to work within the United States;
> >
> > (2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee; and
> >
> > (3) Has an Internal Revenue Service Tax identification number.

Neither the legacy Immigration and Naturalization Service (INS) nor USCIS has defined the terms "employee," "employed," "employment," or "employer-employee relationship" by regulation for purposes of the H-1B visa classification, even though the regulation describes H-1B beneficiaries as "employees" who must have an "employer-employee relationship" with a U.S. employer. Therefore, for purposes of the H-1B visa classification, these terms are undefined.

Thus, in considering whether or not one is an "employee" in an "employer-employee relationship" with a "United States employer" for purposes of H-1B nonimmigrant petitions, USCIS focuses on the common-law touchstone of "control." See 8 CFR § 214.2(h)(4)(ii)(2) defining a "United States employer" as one who "has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise **control** the work of any such employee . . . ." (Emphasis added)



You are and IT consulting and software development company which, it appears, does not produce any software products of your own but rather, contracts with numerous outside companies in order to supply these companies with employees to fulfill specific staffing needs or complete service contracts.

The proposed duties at the time the petition was filed indicate that, although you will act as the beneficiary's employer, you intend to place the beneficiary at work location(s) pursuant to consulting agreements with third-party end clients or users.

Subsequently, you were requested to provide additional evidence to establish that a valid employer-employee relationship will exist between you and the beneficiary, and that you have the right to control when, where, and how the beneficiary performs the work at the end-clients' location, including the ability to hire, fire, and supervise the beneficiary through the duration of the requested H-1B validity period.

USCIS provided a non-exhaustive list of items that could be used to satisfy the employer-employee relationship requirement. USCIS also informed you what the evidence should describe to determine if you have a sufficient level of control over the employee placed at a third-party location.

Subsequent to your response, the record contains the following documents regarding the employer-employee relationship:

- Letter of support;
- Copy of a signed Employment Agreement between you and the beneficiary;
- Copy of a letter from Sharp Decisions Inc.;

- Copy of the performance review form;
- Copy of the work itinerary;
- E-mail correspondence;
- Copy of the Master Service Agreement between Sharp Decisions Inc. and Honda North America;
- Copy of the Contractor Agreement between you and Sharp Decisions Inc.;
- Copy of the Purchase Order between you and Sharp Decisions Inc.;
- A letter from the end-client, Honda North America;
- Copy of your organizational chart.

The record has been reviewed in its entirety to establish whether you have the right to control the beneficiary's employment at the third-party end client and it has been determined that you have not met the employer-employee relationship test for the following reasons:

In this case, you placed the beneficiary to work at the end-client location, Honda North America. Although you submitted a copy of the employment agreement, work itinerary, copy of the agreements between you and Sharp Decisions Inc., and agreement between the end-client and Sharp Decisions Inc., you were unable to provide the Service with sufficient information regarding the end-client placement of the beneficiary. The record remains absent of evidence regarding the work at the end-client's facility. Without the statement of work, it is not shown that a valid employer and employee relationship and availability of specialty occupation work will exist for the duration of the requested validity period.

While evidence, such as an employment agreement and performance review form, indicate that you may be responsible for the beneficiary's salary and benefits, you do not appear to otherwise have the right or ability to assign, control, review, or supervise the beneficiary's work. Therefore, it appears that your role is likely limited to invoicing and payment for the hours worked by the beneficiary and ultimately the functions of a payroll administrator.

Engaging a person to work in the United States is more than merely paying the wage or placing that person on payroll." *Memo, Neufeld, Associate Director of Service Center Operations, Determining Employer-Employee Relationship for Adjudications of H1B Petitions, Including Third-Party Site Placements, January 08, 2010.* While evidence such as pay records may be considered as a pertinent factor in determining your relationship with the beneficiary, other factors such as the work location, supervision right, the right or ability to affect the beneficiary's assigned projects etc. must also be weighed in order to make a determination as to whether a valid employer-employee exists.

Other than putting the beneficiary on your payroll and providing benefits, you have not established your role as an employer in the beneficiary's employment. You have not provided sufficient documentary evidence to demonstrate how you supervise or oversee the beneficiary's work while he performs his duties at the client's site. There is no indication that the beneficiary is required to use your proprietary tool or software to perform his duties. Nor is there evidence that you will evaluate the end-product of the beneficiary's work.

Therefore, you have not established that you will be a "United States employer" having an "employer-employee relationship" with the beneficiary as an H-1B temporary "employee."

## Specialty Occupation

The next issue to be discussed is whether the position offered to the beneficiary qualifies as a specialty occupation.



INA § 214(i)(1) defines "specialty occupation" as follows, in relevant part:

> ...the term "specialty occupation" means an occupation that requires-
>
> (A) theoretical and practical application of a body of highly specialized knowledge, and
>
> (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

8 CFR § 214.2(h)(4)(ii) defines a specialty occupation to mean:

> ...an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.

Pursuant to 8 CFR § 214.2(h)(4)(iii)(A), to qualify as a specialty occupation, the position must meet one of the following criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
> (3) The employer normally requires a degree or its equivalent for the position; or
>
> (4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.



A specialty occupation is defined as one that requires the theoretical and practical application of a body of highly specialized knowledge and the attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States. The regulations at 8 CFR § 214.2(h)(4)(iii)(A) further clarify how a position can qualify as a specialty occupation. However, it should be noted that 8 CFR § 214.2(h)(4)(iii)(A) must logically be read together with INA § 214(i)(1) and 8 CFR § 214.2(h)(4)(ii). Hence, the criteria stated in 8 CFR § 214.2(h)(4)(iii)(A) should logically be read as being necessary but not necessarily sufficient to meet the statutory and regulatory definition of specialty occupation. To otherwise interpret this section as stating the necessary and sufficient conditions for meeting the definition of specialty occupation would result in particular positions meeting a condition under 8 CFR § 214.2(h)(4)(iii)(A) but not the statutory or regulatory definition. To avoid this illogical result, 8 CFR § 214.2(h)(4)(iii)(A) must therefore be read as providing supplemental criteria that must be met in accordance with, and not as alternatives to, the statutory and regulatory definitions of specialty occupation. As such and consistent with INA § 214(i)(1) and the regulation at 8 CFR § 214.2(h)(4)(ii), USCIS consistently interprets the term "degree" in the criteria at 8 CFR § 214.2(h)(4)(iii)(A) to mean not just any bachelor's or higher degree, but one in a specific specialty that is directly related to the proffered position. Applying this standard, USCIS regularly approves H-1B petitions for qualified nonimmigrants who are to be

employed as engineers, computer scientists, certified public accountants, college professors, and other such occupations. These professions, for which petitioners have regularly been able to establish a minimum entry requirement in the United States of a bachelor's or higher degree in a specific specialty or its equivalent directly related to the duties and responsibilities of the particular position, fairly represent the types of specialty occupations that Congress contemplated when it created the H-1B visa category.

USCIS does not solely rely upon a title when determining whether a particular position qualifies as a specialty occupation. USCIS considers the specific duties of the offered position combined with the nature of the petitioning entity's business operations. While it is not for USCIS to make a determination as to your organization's financial allocation or business necessity for a given position, you must show that the position actually exists. It is not sufficient for a petitioner to merely state that it will employ an individual to perform duties that are characteristic of those found in a particular specialty occupation. Instead, there must be a reasonable and credible offer of employment that is consistent with the needs of the petitioning organization. This can be shown by demonstrating that the types of duties to be performed are normal and customary requirements in similar organizations in your industry. Or you can present specific, credible evidence showing that its organization has unique and specific needs for such services for the period of time in which you intend to employ the individual, which is not the case in this instance.

Subsequent to the filing of the petition, you were requested to provide additional evidence to include a detailed description of the actual duties to be performed by the beneficiary on a day-to-day basis, and evidence to establish that the position meets the standards to qualify as a specialty occupation. Additionally, you were requested to submit more information about the products and services provided by you, and lists or organizational charts showing employees and the positions they occupy.



The record contains the following documents regarding the position subsequent to your response to the RFE:

- Letter of support;
- Copy of a signed Employment Agreement between you and the beneficiary;
- Copy of a letter from Sharp Decisions Inc.;
- Copy of the performance review form;
- Copy of the work itinerary;
- E-mail correspondence;
- Copy of the Master Service Agreement between Sharp Decisions Inc. and Honda North America;
- Copy of the Contractor Agreement between you and Sharp Decisions Inc.;
- Copy of the Purchase Order between you and Sharp Decisions Inc.;
- A letter from the end-client, Honda North America;
- Copy of your organizational chart.

Without a statement of work detailing the project's outline description, duration, role and the beneficiary's duties to demonstrate the end-client will actually use computer occupations for daily assignments, you have not established that the final duties of the proffered position are those of a specialty occupation. Nor have you established that your client has required that the degree must be in a specific specialty.

The present record does not demonstrate the specific duties the beneficiary would perform under contract for your clients. The court in *Defensor v. Meissner*, 201 F. 3d 384 (5th Cir. 2000) held that for purposes of determining whether a proffered position is a specialty occupation, a petitioner acting

in a similar manner as your organization is merely a "token employer," while the entity for which the services are to be performed is the "more relevant employer." The *Defensor* court recognized that evidence of the client companies' job requirements is critical where the work to be performed is for an entity other than your organization. Accordingly, the court held that the legacy Immigration and Naturalization Service (Service, now CIS) had reasonably interpreted the Act and regulations to require that a petitioner produce evidence that the proffered position qualifies as a specialty occupation on the basis of the requirements imposed by the entities using the beneficiary's services.

In sum, you have not shown that there is a reasonable and credible offer of employment that is consistent with your organization and that the position meets any of the four factors enumerated at 8 CFR § 214.2(h)(4)(iii)(A). Thus, you have not demonstrated that the proffered position is a specialty occupation.

The burden of proof to establish eligibility for the benefit request rests with you. Here, that burden has not been met.

Consequently, the petition is denied for the above stated reasons, with each considered as an independent and alternative basis for denial.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at http://www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

*Kathy A. Baran*

Kathy A. Baran
Director, California Service Center

