## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————
                                                    )
**STELLAR IT SOLUTIONS, INC,** *et al.*             )
                                                    )
      **Plaintiffs**  )
                                                    )     **Civil Action No. 18-2015 (RC)**
      **v.**          )     **(ECF)**
                                                    )
**UNITED STATES CITIZENSHIP &**                     )
**IMMIGRATION SERVS.**                              )
                                                    )
      **Defendant.**   )
—————————————————————)

## DEFENDANT'S OPPOSITION TO PLAINTIFFS'
## MOTION FOR PRELIMINARY INJUNCTION

      The United States Citizenship and Immigration Services ("Defendant" or "USCIS"), by and through the undersigned counsel, hereby respectfully opposes Plaintiffs' Motion for Preliminary Injunction ("PI") filed by Stellar IT Solutions F/K/A Stellar Software Network, Inc. ("Stellar") and Karthik Krishnamurthy ("Mr. Krishnamurthy") (collectively "Plaintiffs").  In a nutshell, Plaintiffs are unable to demonstrate that they are entitled to this extraordinary relief because they are unlikely to succeed on the merits given that they have an administrative appeal pending and there is no reviewable final order.  In addition, even if the decision were reviewable, it was based in the record and not arbitrary and capricious.

## BACKGROUND

      Plaintiffs commenced this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), alleging that USCIS has unlawfully denied their Petition for Nonimmigrant Worker and Mr. Krishnamurthy's application to extend same.  *See generally* ECF No. 1 ("Pl's Compl.").  Plaintiffs also sought emergency injunctive relief ("PI").  *See* ECF No. 2. In their filings, Plaintiffs seek an order pursuant to 5 U.S.C. § 705 to postpone the effectiveness

of USCIS's May 31, 2018 denial of Stellar's nonimmigrant employment petition for classification as an H-1B specialty occupation worker filed on behalf of Mr. Krishnamurthy.  In the PI, Stellar seeks injunctive relief to allow Mr. Krishnamurthy to continue working in his present position despite the denial of his H-1B petition.  Plaintiffs contend that both Stellar and Mr. Krishnamurthy will suffer irreparable harm as a result of USCIS's decision and argue that the requested preliminary injunction is necessary to preserve the status quo until the Court decides their claim on the merits.

According to its petition documents, Stellar is a provider of professional software services, including custom software development, web development, and systems integrations. Pl's Compl. at 3, ¶3.  Stellar filed its petition to classify Mr. Krishnamurthy as an H-1B specialty occupation worker on August 29, 2017.  *Id*. at 6, ¶ 10.  Specifically, Stellar sought to employ Mr. Krishnamurthy as a Senior Project Manager from August 29, 2017 to August 29, 2018. USCIS denied the petition on March 20, 2018, finding that Stellar had not established that it would have an employer-employee relationship with Mr. Krishnamurthy or that specialty occupation work was available at the end client, Honda North America, where Mr. Krishnamurthy was to provide services.  Pl's Compl. at 7, ¶12-14.  Stellar filed a Motion to Reopen or Reconsider with USCIS on April 17, 2018.  *Id*.  The petition was reopened and again denied on May 24, 2018.  *Id.* Following that decision, on July 2, 2018, Stellar filed an appeal with USCIS's Administrative Appeals Office ("AAO") that remains pending.  *See* Exhibit A.

USCIS opposes the request for postponement of the effectiveness of the agency decision and for preliminary injunction because Plaintiffs cannot satisfy preliminary injunction factors. First, there is no judicially reviewable final agency action because Stellar's AAO appeal is pending.  Thus, this action is premature and not ripe for review.  Also, Plaintiffs are not likely to

succeed on the merits of their claim that USCIS arbitrarily and capriciously denied the H-1B petition, that they would be irreparably harmed or that an injunction would serve the public interest.  Accordingly, the Court should deny plaintiffs' motion.

## STATUTORY AND REGULATORY BACKGROUND

The Immigration and Nationality Act, as amended ("INA"), provides for the classification of qualified temporary foreign workers who are coming to the United States to perform services for a sponsoring "employer" in a "specialty occupation."  8 U.S.C. § 1101(a)(15)(H)(i)(b) (the "H-1B program").[1]  In 1990, Congress established the "specialty occupation" requirement, which is defined as an occupation that requires a "theoretical and practical application of a body of highly specialized knowledge, and [the] attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States."  Immigration Act of 1990, Public Law No. 101-649, § 205(c)(2) (Nov. 29, 1990) (8 U.S.C. § 1184(i)(1)(A)-(B)).

Employers voluntarily participate in the H-1B program by completing a two-step process. First, an employer intending to hire an H-1B nonimmigrant must first submit a Labor Condition Application ("LCA") to the Department of Labor ("DOL").  *See* 8 U.S.C. § 1182(n)(1); 20 C.F.R. § 655.730(a); *Broadgate Inc. v. United States Citizenship & Immigration Servs.*, 730 F.Supp.2d 240, 241-43 (D. D.C. 2010); *Cyberworld Enter. Tech. v. Napolitano*, 602 F.3d 189, 192 (3d Cir. 2010).  In the LCA, the employer must identify the specialty occupation position being offered to the alien and attest that the company will comply with the program requirements, including paying the H-1B worker the mandated wage rate.  *See* 8 U.S.C. §

---

[1]      Foreign workers qualified to accept employment in the United States in specialty occupations are classified as "H-1B" nonimmigrants, a designation that derives from the section of the INA providing for this category of temporary worker, namely, section 101(a)(15)(H)(i)(b) of the Act.  *See* 8 U.S.C. § 1182(n)(4)(C).

1182(n)(1)(D); 20 C.F.R. § 655.730(c)(4).  Additionally, the LCA must list each "Place of Employment," which means "the worksite or physical location where the work actually is performed by the H-1B . . . nonimmigrant."  20 C.F.R. § 655.715; *see also* 20 C.F.R. § 655.730(c)(4)(v) (indicating that the LCA must indicate "the place(s) of intended employment"). The employer's signature on the LCA constitutes the employer's acknowledgment that it will comply with all of the attestations made on the LCA.  *See* 20 C.F.R. § 655.730(c)(2).

Second, if DOL certifies the LCA, the employer must then submit a signed copy of the certified LCA to USCIS along with a Form I-129 petition requesting the classification of the foreign national as an H-1B nonimmigrant worker (known as an "H-1B petition").  *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b); 8 C.F.R. § 214.2(h)(4)(iii)(B)(1); *National Ass'n of Mfrs. v. Dep't of Labor*, 1996 U.S. Dist. Lexis 10478 (D. D.C. 1996).  Importantly, in order for the employer to establish that the position being offered to the foreign worker is a "specialty occupation," the petition must satisfy at least one of the following criterion:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
> (3) The employer normally requires a degree or its equivalent for the position; or
>
> (4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

Finally, the burden of proof rests on the employer/petitioner to establish, by a preponderance of the evidence, that the proffered position is a specialty occupation and that the alien beneficiary qualifies for the specialty occupation. *See* 8 U.S.C. § 1361; *see also Glob. Fabricators, Inc. v. Holder*, 320 F. App'x 576, 578 (9th Cir. 2009) (applying this burden to H-1B applications); *Innova Solutions, Inc. v. Baran*, 2018 U.S. Dist. Lexis 174583 *22 (N.D. Ca. 2018); *Matter of Chawathe*, 25 I. & N. Dec. 369, 375, 376 (AAO 2010).

## <u>PRELIMINARY INJUNCTION STANDARD</u>

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC*, 555 U.S. 7, 24 (2008). A party seeking preliminary relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters of the United States v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (quoting *Pursuing America's Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016)). The moving party bears the burden of persuasion and must demonstrate, "by a clear showing," that the requested relief is warranted. *Hospitality Staffing Solutions, LLC v. Reyes*, 736 F.Supp. 2d 192, 197 (D. D.C. 2010) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)).

Before the Supreme Court's decision in *Winter v. NRDC*, courts weighed these factors on a "sliding scale," allowing "an unusually strong showing on one of the factors" to overcome a weaker showing on another. *Damus v. Nielsen*, Civ. A. No. 18-00578, 2018 U.S. Dist. Lexis 109843, 2018 WL 3232515, at *4 (D. D.C. July 2, 2018) (quoting *Davis v. PBGC*, 571 F.3d 1288, 1291-92 (D.C. Cir. 2009)). This Circuit has hinted, though not held, that *Winter v. NRDC* — which overturned the Ninth Circuit's "possibility of irreparable harm" standard — establishes

that "likelihood of irreparable harm" and "likelihood of success" are "independent, free-standing requirement[s]" *Sherley v. Sebelius*, 644 F.3d 388, 392-93 (D.C. Cir. 2011); *see also League of Women Voters of the United States v. Newby*, 838 F.3d at 7 (declining to address whether "sliding scale" approach is valid after *Winter v. NRDC*).  Also unresolved is the related question of "whether, in cases where the other three factors strongly favor issuing an injunction, a plaintiff need only raise a serious legal question on the merits." *Aamer v. Obama*, 742 F.3d 1023, 1043, (D.C. Cir. 2014).

## ARGUMENT

### a.    Plaintiffs have no likelihood of success on the merits of their claim

####    1.    No final agency action

Plaintiff cannot demonstrate any of the required factors for a PI because success on the merits is unlikely given that there is no reviewable final order and USCIS's denial was not arbitrary and capricious.  Not to mention that money damages are not irreparable and the public interest is a proper enforcement of the law.

A preliminary injunction is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008).  Rather, a party seeking a preliminary injunction must demonstrate, among other things, "a likelihood of success on the merits." *Id*. (citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 428 (2006); *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).  Here, because there is a direct appeal of the USCIS California Service Center decision pending with the AAO pursuant to 8 C.F.R. § 103.3(a), the Court has no final agency action to review.  Final agency action "must generally 'mark the consummation of the agency's decisionmaking process' and either determine 'rights or obligations' or result in 'legal consequences.'" *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 800,

(D.C. Cir. 2006) (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)). If plaintiffs had filed this action instead of filing a direct appeal with the AAO, the current USCIS decision would also be the final one, but it appears that Plaintiffs want to have their cake and eat it too by having two pending adjudications.  There is no requirement to exhaust administrative remedies before seeking judicial review of a USCIS decision.  *See generally Darby v. Cisneros*, 509 U.S. 137 (1993) (holding that administrative exhaustion is a prerequisite to judicial review only where required by statute or agency regulation).  Nevertheless, in this case, the plaintiffs exercised the option of filing an administrative appeal and now must wait for a decision.

2.    <u>USCIS's Denial was not Arbitrary of Capricious</u>

Even if this matter were ripe for review, Plaintiffs have not shown that they are likely to prevail on the merits under the APA.  Whether USCIS complied with the APA is a question of law.  *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). The APA provides that a court may set aside only those agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The standard of review is "highly deferential," and bars courts from substituting their own judgment for that of the agency.  *Judulang v. Holder*, 565 U.S. 42, 52 (2011).  USCIS's decision on Stellar's petition is supported by substantial evidence and is likely to be upheld.

Importantly, USCIS identified more than one defect in Stellar's H-1B petition.  When an agency offers multiple grounds for a decision, the Court must affirm the agency as long as any one of the grounds is valid.  *See BDPCS, Inc. v. FCC*, 351 F.3d 1177, 1183 (D.C. Cir. 2003). Although USCIS was correct in its analysis on each and every point in this case, as reflected in its extensive explanation of the issues in the denial notice, the agency only needs to be correct on a single point to be upheld under the lenient "arbitrary and capricious" standard of review.  *See*

*Indiana Municipal Power Agency v. FERC*, 56 F.3d 247, 256 (D.C. Cir. 1995).  Stellar, by contrast, must demonstrate that USCIS abused its discretion with respect to both grounds for which the agency denied its H-1B petition filed on behalf of Mr. Krishnamurthy.

Plaintiffs cannot prevail on their claim that USCIS incorrectly denied its H-1B petition for failing to establish that the position being offered qualified as a specialty occupation.  As an independent and alternative basis for denial, USCIS correctly made this determination.  In order for the employer to establish that the position being offered to the foreign worker is a "specialty occupation," the petition must satisfy at least one of the following criterion listed at 8 C.F.R. § 214.2(h)(4)(iii)(A).  After USCIS reviewed Stellar's initial filing, the agency determined the petition to be deficient and issued a request for evidence (RFE), asking the company to provide additional evidence to establish that the actual duties to be performed by the H-1B worker and that the position being offered qualified as a specialty occupation.  Specifically, because the beneficiary of the petition was going to be working off-site for one of Stellar's clients, USCIS requested documents such as contracts, statements of work, work orders, service agreements, and/or letters from the client company describing the job duties and qualifications. After reviewing the evidence submitted in response to the RFE, USCIS concluded that there was insufficient information to determine the actual job duties to be performed under the Stellar's contract with its client and whether such duties required a bachelor's degree in a specific specialty. Accordingly, USCIS concluded that Stellar had failed to demonstrate that the position being offered was as a specialty occupation.

Because Stellar planned to place Mr. Krishnamurthy off-site with one of its clients, USCIS properly questioned whether Stellar or its client would act as Mr. Krishnamurthy's employer. In an RFE, USCIS requested information about Stellar's right to control when, where,

and how the beneficiary would perform the work at its client's location, including ability to hire, fire, and supervise the beneficiary throughout the requested period of H-1B employment. Stellar submitted several documents in response, but USCIS found that without contracts or statements of work between Stellar and its client defining each party's role in the beneficiary's employment and the duties and qualifications required for the client's project, the evidence of record was insufficient to conclude that Stellar would be the beneficiary's ultimate employer.

For these reasons, Stellar cannot prevail on its claim that USCIS incorrectly denied its H-1B petition for failure to establish that the position being offered was a specialty occupation and that it would have an employer-employee relationship with Mr. Krishnamurthy.  As these are independent and alternative grounds for denial articulated by the agency, and are supported by substantial evidence, plaintiffs have no likelihood of success on the merits of their claim.

> **b.      Plaintiffs cannot demonstrate irreparable harm.**

Plaintiffs suggest that if they are not granted a preliminary injunction, Stellar will lose profits, and Mr. Krishnamurthy will be forced either to depart the United States or to remain here unlawfully, leaving him "subject to arrest, prolonged detention and removal from the United States," and even "starvation."  First, no objective evidence has been provided to document any loss to the company resulting from its inability to employ Mr. Krishnamurthy in H-1B status, so the potential harm to the company has not been established.  Stellar has not claimed that it lost its contract with Honda North America or with any other client as a result of this petition being denied.  The temporary loss of recoverable income does not usually constitute irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 89 (1974); *Int'l Ass'n of Machinists & Aerospace Workers v. Nat'l Mediation Bd.*, 374 F.Supp.2d 135, 142 (D. D.C. 2005) ("a loss of income does not constitute irreparable injury because the financial loss can be remedied with money damages").

Additionally, Stellar's appeal with the AAO remains pending, so the final outcome has yet to be determined.  Accordingly, any alleged harm to the company is speculative at this point. It is axiomatic that speculative injury will not support emergency injunctive relief, and that the threat of irreparable injury must be real and imminent.  *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985); *Miniter v. Moon*, 684 F.Supp.2d 13, 17 (D. D.C. 2010) ("Given the speculative nature of the plaintiff's claims of irreparable injury, the court cannot conclude that he is likely to suffer actual and imminent harm").

Likewise, Plaintiffs drastically overstate the potential harm to Mr. Krishnamurthy.  While it may be true that a nonimmigrant alien whose petition has been denied and whose approved period of authorized stay in the United States has expired is considered to be out of status, and therefore unlawfully present, the reality is that aliens whose employment petitions have been denied and subsequently appealed are unlikely to be placed in removal proceedings while that appeal is pending.  Moreover, if Plaintiffs are concerned about possible consequences of Mr. Krishnamurthy's accrual of unlawful presence in the United States, *see generally* 8 U.S.C. § 1182(a)(9)(B)(i), he always has the option of departing and seeking readmission as a nonimmigrant at a U.S. consulate abroad.  There is no reason Mr. Krishnamurthy should face "starvation" as Plaintiffs suggest he might, ECF No. 2 at 39, simply because he is currently unable to work in the United States in H-1B status.

      **c.**     **Issuance of a preliminary injunction would be contrary to the public interest**

The final two factors required for preliminary injunctive relief—balancing of the harm to the opposing party and the public interest—merge when the Government is the opposing party. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Colorado Wild Horse v. Jewell*, 130 F. Supp. 3d 205, 220-21 (D. D.C. 2015).  Courts must "pay particular regard for the public

consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312–13 (1982).  In this case, the balance of equities and the public interest tip strongly in favor of the Government.

Importantly, "the public interest favors applying federal law correctly." *Small v. Avanti Health Systems, LLC,* 661 F.3d 1180, 1197 (9th Cir. 2011).  Here, Congress has explicitly charged the Secretary of Homeland Security with the administration and enforcement of all immigration laws, with broad discretion to regulate the employment of H-1B temporary workers. *See* 8 U.S.C. §§ 1103(a)(1), 1184(a)(1), (c)(1).  USCIS correctly determined that Stellar's H-1B petition should not be approved; the relief Plaintiffs seek would require the Secretary of Homeland Security to act contrary to this authority and would be against the public's interest. *See Avanti Health Systems, LLC,* 661 F.3d at 1197.

Moreover, any order that grants "particularly disfavored" relief by micro-managing a governmental entity's vested control over a statutory program, or enjoining the governmental entity from administering the statute it is charged with enforcing, constitutes irreparable injury to the Government and weighs heavily against the entry of injunctive relief.  *See, e.g.*, *New Motor Vehicle Bd.*, 434 U.S. at 1351.  Plaintiffs' requested relief in this case would require the agency to take affirmative action that is contrary to governing law and the agency's congressionally-mandated authority, and therefore weighs heavily against the entry of an injunction.  *See id*. Therefore, the balance of equities and the public interest tip strongly in favor of the Government.

Finally, "postponement of the effectiveness of the agency decision" under 5 U.S.C § 705, is inapposite to this proceedings. The statute provides:

> When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including a court to

> which a case may be taken on appeal from or on application for
> certiorari or other writ to a reviewing court, may issue all
> necessary and appropriate process to postpone the effective date of
> an agency action or to preserve status or rights pending conclusion
> of the review proceedings.

5 U.S.C. § 705.

For example, in *Sierra Club v. Jackson*, 833 F.Supp.2d 11 (D. D.C. 2012), the Sierra Club sought to challenge the validity of the Environmental Protection Agency's (EPA) postponement pursuant to 5 U.S.C. § 705 of the effective date of its own rules regulating emission standards under the Clean Air Act. The case involved an outside organization seeking to enjoin the EPA's own use of its postponement authority under 5 U.S.C. § 705. In this case, however, Plaintiffs appear to be asking the Court to require USCIS to exercise its own postponement authority under 5 U.S.C. § 705 in a way that allows Mr. Krishnamurthy to continue working in H-1B status while his administrative appeal and U.S. District Court proceedings play out. Defendant asserts that the statute is not intended to be used this way, and also that such an extraordinary measure is unnecessary given the fact that there is currently no final agency action under review. *See* 5 U.S.C. § 704. Additionally, Plaintiffs are already seeking such relief in the form of a preliminary injunction. That relief should be denied, as should the request that the Court order USCIS to postpone the effectiveness of its decision.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that Plaintiff's PI be denied.

October 25, 2018                              Respectfully submitted,


                                             JESSIE K. LIU, D.C. Bar # 472845
                                             United States Attorney
                                             for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Civil Chief

By:_____/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
Telephone: (202) 252-2562

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that I caused a copy of the Defendant's Opposition to Plaintiff's Motion for

Preliminary Injunction to be served upon Plaintiffs' counsel via ECF.

_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
