**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| STELLAR IT SOLUTIONS, INC., F/K/A STELLAR SOFTWARE NETWORK, INC.,, a Maryland corporation. 9210 Corporate Blvd, Suite 265, Rockville, MD | Case No.: 1:18-cv-02015-RC |
| KARTIK Krishnamurthy 11015 NE 194th Dr. Bothell, WA 98011 | JUDGE RUDOLPH CONTREAS |
| -and- | FIRST AMENDED COMPLAINT |
| TEKWAY, INC., an Illinois corporation, 4104 Sterling Road Downers Grove, IL 60515 | |
|   Plaintiffs, | |
|       vs. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, 20 Massachusetts Ave NW, Washington DC 20529 | |
|                 Defendant. | |

| | |
|---|---|
| COMPLAINT | Michael E Piston (MI 002) Attorney for the Plaintiffs 225 Broadway, Ste 307 New York, NY 10007 646-845-9895 michaelpiston4@gmail.com |

**COMPLAINT**

I. INTRODUCTION

1.  This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et. seq*., seeking to hold unlawful and set aside the decisions of the California Service Center (CSC) Director of the United States Citizenship and Immigration Services (USCIS) in File No. WAC1890227492 on May 31, 2018, denying Tekway Solutions, Inc., F/K/A Stellar Software Network, Inc. (Stellar)'s Form I-129, Petition for Nonimmigrant Worker upon behalf of Kartik Krishnamurthy, on the grounds that the decision was arbitrary and capricious.

2. Further, this action also seeks to hold unlawful and set aside the decisions in the cases set forth below denying TEKWAY, INC (Tekway)'s Forms I-129, Petition for Nonimmigrant Worker upon behalf of four (4) of its employees, on the grounds those decisions were arbitrary and capricious as well.

2. This action also asks the Court to hold unlawful and set aside the USCIS's denial of Kartik Krishnamurthy's application to extend his H-1B nonimmigrant status in the United States which was denied solely because of the erroneous denial of Stellar's petition upon his behalf.

3. This action also asks the Court to hold unlawful and set aside the USCIS's denial of the applications to change their nonimmigrant status in the United States of the four (4) employees named below  which were  denied solely because of the erroneous denial of Tekway's petitions upon their behalf.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

## II. PLAINTIFFS

3. Stellar is a Maryland corporation with offices in Maryland and Ohio, and a leading provider of professional software services. Its offerings include custom software development, web development, systems integration, onsite, offsite and offshore software development.  Its project services model consists of requirements gathering, scope estimation, evaluation of the business process, system and framework design, software development, testing and implementation. Exhibit A at 20.

4. Kartik Krishnamurthy is a native and citizen of India who was lawfully employed by Stellar as an H-1B nonimmigrant with USCIS authorization from June 14, 2011 to May 31, 2018. Exhibit A at 59-64. His education and experience has been evaluated by a professor in the field as the equivalent of a Master's degree in Business Administration with a major in Management Information Systems. Exhibit A at 30-31.

5. TEKWAY, INC. (Tekway) is an Illinois corporation with X employees and annual gross revenues in excess of AMOUNT. It, has been provider of Information Technology Services and Resources in the United States since 2005. Tekway deploys human intellectual capital to meet an organization's information technology goals using the optimal mix of internal staff, outside consulting resources, and project outsourcing.

## III. DEFENDANT

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

5. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

## IV. JURISDICTION

6. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V. STANDING

7. Stellar has a legally protected interest in a decision by the USCIS on Stellar's petition upon Mr. Krishnamurthy's behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that as a result of this invasion Stellar can no longer employ Mr. Krishnamurthy and so cannot derive the revenue it previously received from the sale of his services to its client;   (2) there is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of Stellar's petition and Mr. Krishnamurthy's application for extension of stay  which prevents him from working for Stellar and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Stellar to employ Mr. Krishnamurthy again and so once more derive revenues

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

from the sale of his services. Accordingly, Stellar has standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)

8. Mr. Krishnamurthy likewise has a legally protected interest in a decision by the USCIS on Stellar's petition upon his behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and this right has been invaded inasmuch as because of the improper denial of this petition his application for extension of stay has also been denied. The invasion of this right has caused him concrete and particularized injury in that as a result of this invasion he can no longer be employed by Stellar and so cannot derive the revenue he previously received from his employment and his presence in the United States has been rendered unlawful;  (2) there is a causal connection between the injury-in-fact and the defendants' challenged behavior in that it is precisely the defendants' denial of Stellar's petition and his application for extension of stay  which prevents him from working for Stellar and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Stellar to employ Mr. Krishnamurthy again and so enable him to support himself and lawfully remain in the United States. Further, Stellar wishes to employ Mr. Krishnamurthy in the offered position. Accordingly, Mr. Krishnamurthy has standing to complain of this action. *Lujan*, *supra*.

9. Tekway has a legally protected interest in a decision by the USCIS on its  petition upon behalf of the employees named below which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that as a result of this invasion Tekway

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

will be unable to  employ these indviduals after the expiration of their current employment

authorization and so will be unable to derive the revenues it would otherwise obtain from the sale

of their services to its clients;   (2) there is a causal connection between the injury-in-fact and the

defendant's challenged behavior in that it is precisely the defendant's denial of Tekway's petitions

upon these employees' behalf which will prevent them from working for Tekway after the

expiration of their current employment authorization; and (3) it is certain that the injury-in-fact

will be redressed by a favorable ruling in that such a ruling will enable Tekway to continue to

employ these individuals after the expiration of their current employment authorization and so

continue to derive revenues from the sale of their services. Accordingly, Tekway has standing to

complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)

## VI. VENUE

9.  Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the

defendant resides.

## VII. BRIEF STATEMENT OF PROCEDURAL HISTORY

10. On August 29, 2017, Stellar filed a Petition for a Nonimmigrant Worker (Form I-129),

with USCIS seeking to classify Mr. Krishnamurthy as a temporary worker in a specialty

occupation (H-1B) under 8 U.S.C. § 1101(a)(15)(H)(i)(b) with a concurrent request for extension

of stay. Exhibit A.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

11. On January 23, 2018 the USCIS issued a Request for Evidence pertaining to said petition. Exhibit B[1].

12. Although said Request indicated that Stellar had until April 17, 2018 to file a response to this Request, nevertheless on March 20, 2018 USCIS issued a decision prior to Stellar having filed an answer to its request. Exhibit C.

13. On approximately April 17, 2018 Stellar filed a timely motion to reconsider and reopen with USCIS pertaining to this matter. Exhibit D.

14. On May 31, 2018 the USCIS reopened its decision of March 20, 2018 denying this petition, but nevertheless, following that reopening, denied it again. Exhibit E.

15. The stated bases for the Decision[2] of May 31, 2018 were:

(a) Stellar had "not established that you will be a 'United States employer' having an 'employer-employee relationship' with Mr. Krishnamurthy as an H-1B temporary 'employee.'"; Exhibit E at 3.

(b) Stellar had "not demonstrated that the proffered position is a specialty occupation." Exhibit E at 6.

16. The Decision offered two reasons for its conclusion that Stellar had failed to establish that it was a U.S. Employer: 1) "The record remains absent of evidence regarding the work at the end-client's facility" and 2) Stellar had not proven that it actually "supervise(s) or oversee(s) the beneficiary's work while he performs his duties at the client's site.". Exhibit E at 3.

---

[1] From here to the end of Count I all references to an "Exhibit" refer to the exhibits filed with the Complaint.

[2] From here to the end of Count I All reference to "Decision" shall refer to the decision of May 31, 2018 in Stellar's H-1B petition upon behalf of Mr. Krishnamurthy.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17. The Decision also offered two reasons for its conclusion that Stellar had failed to establish that the job offered Mr. Krishnamurthy was not in a specialty occupation: 1) Stellar supposedly failed to provide "a statement of work detailing the project's outline description, duration, role and the beneficiary's duties to demonstrate the end-client will actually use computer occupations for daily assignments"; and 2) Stellar likewise supposedly failed to establish that "your client has required that the degree must be in a specific specialty." Exhibit E at 5.

18. On the same date USCIS denied Mr. Krishnamurthy's application for [3]extension of stay because Stellar's petition upon his behalf was denied. Exhibit F.

19. On April 12, 2018 Tekway filed a Form I-129, Petition for Nonimmigrant Worker upon behalf of Jagadish Balusu for the purposes of employing him from October 1, 2018 to August 22, 2021 in a position which was internally designated as "Application Support-ITRR" but involved performing the duties of a Software Developer, Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B), and concurrently applied to change his nonimmigrant status in the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WAC1815050083.

20. On November 13, 2018, following the USCIS's issuance of, and Tekway's response to, a request for evidence, the USCIS issued decisions denying both the petition for Mr. Balusu and his application for change of status on the grounds that "you have not established that you will be

---

[3] Use of the non-capitalized word "decision" does not refer to the previous mentioned "Decision" of May 31, 2018.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'".

21. On April 12, 2018 Tekway filed a Form I-129, Petition for Nonimmigrant Worker upon behalf of Manoj Kumar Koduru for the purposes of employing him from October 1, 2018 to August 22, 2021 in a position internally designated as "Java Developer" but which involved performing the duties of a Software Developer, Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b), and concurrently applied to change Mr. Koduru's nonimmigrant status in the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WACl814952384.

20. On November 13, 2018, following the USCIS's issuance of, and Tekway's response to, a request for evidence, the USCIS issued decisions denying both the petition and the application for change of status upon behalf of Mr. Koduru on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'".

21. On April 12, 2018 Tekway filed a Form I-129, Petition for Nonimmigrant Worker upon behalf of Stevenson Sunchu for the purposes of employing him from October 1, 2018 to September 11, 2021 in a position internally designated as "Java Developer" but which involved performing the duties of a Software Developer, Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b), and concurrently applied to change Mr. Sunchu's nonimmigrant status in

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WAC 1815050978.

20. On November 13, 2018, following the USCIS's issuance of, and Tekway's response to, a request for evidence, the USCIS issued decisions denying both the petition and the application upon behalf of Mr. Sunchu on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'".

21.  On April 12, 2018 Tekway filed a Form I-129, Petition for Nonimmigrant Worker upon behalf of Vinaykumar Swarna for the purposes of employing him from October 1, 2018 to August 22, 2021 in a position which was internally designated as  "Application Support-ITRR" but involved performing the duties of a Software Developer, Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b) and concurrently applied to change Mr. Swarna's  nonimmigrant status in the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WAC 1815650017.

20. On November 13, 2018, following the USCIS's issuance of, and Tekway's response to, a request for evidence, the USCIS issued decisions denying both the petition and the application upon behalf of Mr. Swarna on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'".

## VIII CAUSE OF ACTION

| COMPLAINT | Michael E Piston (MI 002) |
|---|---|
| | Attorney for the Plaintiffs |
| | 225 Broadway, Ste 307 |
| | New York, NY 10007 |
| | 646-845-9895 |
| | michaelpiston4@gmail.com |

COUNT I

*The decision denying Stellar IT's petition upon behalf of Kartik Krishnamurthy was arbitrary and capricious*

19. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
> **...**
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

20. The USCIS's decision of May 31, 2018 denying Stellar's H-1B petition upon behalf of Mr. Krishnamurthy was arbitrary and capricious inasmuch as its finding that "the record remains absent of evidence regarding the work at the end-client's facility" and that Stellar "failed to provide a statement of work detailing the project's outline, description and role and the beneficiary's duty" was arbitrary and capricious in that it runs directly contrary to the evidence in the record.

21. Specifically, it is completely refuted by, and shows a total disregard for, the letter Honda of North America filed in support of Stellar's motion to reconsider and reopen. Exhibit D at 32-33.

22. The USCIS's finding that Stellar lacked an employer-employee relationship with Mr. Krishnamurthy because it had not proven that it actually "supervise(s) or oversee(s) the beneficiary's work while he performs his duties at the client's site" is not in accordance with law.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

23. Specifically, under two decisions of the U.S. Supreme Court, the decisions of 9 Circuit Courts of Appeal (including the D.C. Circuit) and the USCIS's own binding Adjudicator's Field Manual, only the right to control is required to establish an employer-employee relationship, and actual control is irrelevant.

24. The Decision was also not in accordance with law because the end-client's requirements are irrelevant to the regulation under which Stellar established that the job was a specialty occupation.

25. Stellar establish that the job was a specialty occupation under the terms of 8 C.F.R. § 214.2(h)(4)(iii)(A)(1) and the end-client requirements would be relevant only if Stellar claimed that the job was a specialty occupation under 8 C.F.R. § 214.2(h)(4)(iii)(A)(3).

COUNT II

*The decision denying Tekway, Inc.'s petition upon behalf of Jagadish Balusu was arbitrary and capricious and not in accordance with law.*

21. The decision denying Tekway's petition upon Jagadish Balusu's behalf (and so, necessarily, his application for change of nonimmigrant status) on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'" was arbitrary and capricious in that it is squarely contradicted by the record and ignores critical evidence. *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, 2018 U.S. Dist. LEXIS 196284, *3. In particular, the USCIS, aside from mentioning their names, disregarded the following evidence submitted by

| COMPLAINT | Michael E Piston (MI 002) |
|---|---|
| | Attorney for the Plaintiffs |
| | 225 Broadway, Ste 307 |
| | New York, NY 10007 |
| | 646-845-9895 |
| | michaelpiston4@gmail.com |

Tekway demonstrating that it would have the legal right to control the manner and means in which Mr. Balusu's work would be performed:[4]

a) Exhibit E to the response to the USCIS's Request for Evidence [5], the Employment Agreement between Tekway and Mr. Balusu, which provided, among other things, that Tekway was hiring Mr. Balusu, that Mr. Balusu would work at whatever premises were directed by Tekway, that Tekway would pay Mr. Balusu, and that Tekway had the right to terminate Mr. Balusu's employment at any time without cause upon written notice after the completion of 12 consecutive months of employment;

b) Exhibit G - Tekway's letter of August 20, 2018, in which Pravan Kumar, Project Manager, Operations, of Tekway, certifies that he will be supervising Mr. Balusu in his work-related duties and responsibilities and that Tekway has the ultimate control and authority over Mr. Balusu's day-to-day activities at the end client, AT&T, that  Mr. Balusu is required to communicate on a regular basis with Tekway regarding his hours worked, status of assignment, performance feedback, and similar matters, that Tekway has the right to hire and fire Mr. Balusu, the right to control his work, the duty to pay him, and the right to assign him additional duties;

---

[4] All of the evidence and writings referred to in any particular Count refers to the USCIS's decision denying Tekway's petition upon behalf of the individual reference in the heading pertaining thereto, and the denial of his change of status.

[5] All references to an "Exhibit" in this Amended Complaint shall, hereafter, refer to Exhibits attached to Tekway's response to the USCIS "Request for Evidence" pertaining to the individual referenced in that particular count.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

c)  Exhibit H- a project status report pertaining to Mr. Balusu showing that he was closely communicating with Tekway regarding his work activities;

d)  a work  organizational chart (submitted with the petition) showing that Pavan Kumar directly supervised Mr. Balusu;

e)  Exhibit I -timesheets for Mr. Balusu showing that his work hours were being closely monitored by Tekway;

f)  Exhibit J - earnings statements from ADP showing that Tekway was paying Mr. Balusu's salary;

g)  Exhibit M - a letter from the Pinnacle Group stating that all of Mr. Balusu's day-to-day activities will be controlled by his employer, Tekway, along with any discretionary decision-making such as hiring and firing and performance evaluations;

h) Exhibit N - a letter from Shirley Delia, Supplier Liaison, Human Resources, AT&T stating that "Jagadish  Balusu's employer, Tekway, Inc., not AT&T Services or its affiliates, provides (him) with compensation, has the authority to assign (him) to perform services for one or another of its customers, has control of its employees and is responsible for payment of salaries, administration of benefits and payment of taxes on behalf of its employees for the duration of their employment with it."


22. There are few propositions more firmly settled in the field of labor law than that the right of control  is  the  gravamen  of  an  employer-employee  relationship.  See, e.g.,.  *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448 (2003), *Nationwide Mut. Ins. Co. v.*

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

*Darden*, 503 U.S. 318, 323 (1992). The right to control the beneficiary is different from actual control. An employer may have the right to control the beneficiary's job-related duties and yet not exercise actual control over each function performed by that beneficiary. *See e.g. Dovell v. Arundel Supply Corp.*, 124 U.S. App. D.C. 89, 361 F.2d 543, 545 (1966) ("The vital element which negatives such independence, in the relation between employer and employee, is the right to control the employee, not only as to the final result, but in the performance of the task itself. And, it is the right to control, not control or supervision itself, which is most important. (Footnote omitted.)" *quoting Grace v. Magruder*, 80 U.S. App. D.C. 53, 148 F.2d 679, 681 (1945)); *Avis Rent A Car Sys., Inc. v. United States*, 503 F.2d 423, 425 n.1 (2d Cir. 1974) ; *Trent v. Atl. City Elec*. Co., 334 F.2d 847, 863 (3d Cir. 1964), *Weber v. Commissioner*, 60 F.3d 1104, 1110 (4th Cir. 1995); *Breaux & Daigle, Inc. v. United States,* 900 F.2d 49, 50 (5th Cir. 1990); *NLRB v. Cement Transp., Inc.*, 490 F.2d 1024, 1027 (6th Cir. 1974), *Sargent v. Commissioner*, 929 F.2d 1252, 1253 (8th Cir. 1991); *Chin v. United States*, 57 F.3d 722, 725 (9th Cir. 1995), *Jones v. Goodson*, 121 F.2d 176, 177 (10th Cir. 1941), USCIS Adjudicator's Field Manual (AFM) § Chapter 31.3 nt.1..[6] This is also the only reasonable interpretation of  8 CFR § 214.2(h)(4)(ii)(2) which defines a "United States employer" as one who has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it **may** hire, pay, fire, supervise, or otherwise

---

[6] "Policy material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy, either specifically or by application of more recent policy material. …Examples of policy materials are: Field and Administrative Manuals" AFR 3.4. Thus, the AFM, being an administrative manual, is a policy material binding on all USCIS officers.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

control the work of any such employee ....". (emphasis added).The fact that an employer "may" control the work of an employee (rather than "must"[7]) demonstrates that, consistent with *Clackamas, Darden,* the decisions of at least 9 circuit courts of appeal and the USCIS's own AFM, it is only the right to control and not the actual exercise of the same which is determinative of an employer-employee relationship.

23. The centrality of the right to control (and not actual control) to the employer-employee relationship is effectively conceded by the USCIS in this decision when it claims that "the record has been reviewed in its entirety to establish whether you have the right to control the beneficiary's employment at the third-party end client and it has been determined that you have not met the employer-employee relationship test".

24. Inasmuch as  "an agency cannot ignore evidence contradicting its position.", Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *23

---

[7] The Oxford Online Dictionary offers several definitions of "may", only one of which is remotely applicable here: "Used to ask for or to give permission.
*'you may confirm my identity with your Case Officer, if you wish'*
*'may I ask a few questions?'*
…
*'None of the text or images from this site may be reproduced in whole or part without written permission.'* Accordingly there is no circumstances in which the word "may" can convey the idea that an employer **must** control his employ, but rather shows that he merely has permission to do – that is that he has the right to control, whether he chooses to exercise it or not. Or perhaps to cite a more familiar example, the fact that a court "may" grant oral argument in a case certainly doesn't oblige it to do so.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

*quoting  Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018)  (quoting *Butte Cty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)), therefore this decision's disregard of virtually all of Tekway's voluminous evidence showing that it had the right to control the beneficiary's work activities, and so had an employer-employee relationship with him, was arbitrary and capricious.

25. Further, inasmuch as there is no evidence in the record that shows that Tekway does not have the right to control Mr. Balusu's work activities, the decision is also arbitrary and capricious because it runs counter to the evidence in the record. "[I]f the agency has . . . offered an explanation for its decision that runs counter to the evidence," its action is generally deemed arbitrary and capricious." *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, 2018 U.S. Dist. LEXIS 196284, *17-18 , *quoting* Animal Legal Defense Fund, Inc. v. Perdue, 872 F.3d 602, 611 (D.C. Cir. 2017). (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

22. Further, the decision is also arbitrary and capricious because the USCIS likewise failed to consider the following referenced contradictory evidence in making the following factual conclusions:

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

a) The conclusion  that "the present record does not  sufficiently demonstrate: … The skill required to perform the specialty occupation;": disregarded the following contradictory evidence of the skill required to perform the specialty occupation:

i) EXHIBIT A to the petitioner's request for evidence, the Expert Opinion Letter issued by Full Adjunct Professor, Dr. Michael K. Lavine, of Cyber Security at the University of Maryland-University College, indicating the education required to perform the position;

ii) EXHIBIT C - the Past Practice letter issued by Tekway indicating the education required to perform the position;

iii) EXHIBIT D - the Affidavit from Shashidhar Devireddy, Project Manager, Operations of Lucid Technologies, indicating the educational requirements for the offered position in his organization;

b) "the present record does not  sufficiently demonstrate: … Whether you have the right to assign additional work to the beneficiary while he is performing services for AT&T at their place of business;": The USCIS, in coming to this conclusion, failed to consider the following contradictory evidence: Exhibit L, Detailed Job Description and Exhibit N, end client letter from AT&T, both of which show that Tekway does in fact have the right to assign additional work to the beneficiary while he is performing  services for AT&T at its place of business.

c) "the present record does not  sufficiently demonstrate: … Whether you can fire the beneficiary or set rules and regulations on the work the beneficiary will be performing for AT&T;": In coming to this conclusion, the USCIS failed to consider the following contradictory evidence:

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

i) Exhibit E, Employment Agreement, showing that Tekway had the right to fire the beneficiary and

ii)   Exhibits G, M & N all showing that Tekway has the right to control Mr. Balusu's work activities, which would necessarily include the right to set rules and regulations on the work he would  be performing for AT&T;

d) the finding that "the present record does not  sufficiently demonstrate …Availability of specialty occupation work" did not consider the following contradictory evidence: EXHIBITS K, L, M & N, showing  that Mr. Balusu would be working as a Software Developer at AT&T's location which EXHIBIT A (the Expert Opinion Letter) and EXHIBIT B2, excerpts from the Occupational Outlook Handbook, established, and this decision did not dispute, is a specialty occupation;

e) The finding that "the present record does not  sufficiently demonstrate: …Whether the beneficiary reports to someone higher in  your organization" did not consider the  contradictory evidence contained in EXHIBITS F & G, both of which show that Tekway's  Project Manager, Operations, Mr. Pavan Kumar, closely supervises and evaluates Mr. Balusu's work at the end client location;

f) The finding that "the present record does not  sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T" disregards the following contradictory evidence: EXHIBITS  F & G, both of which show that Tekway's Project Manager, Operations, Mr. Pavan Kumar,  supervises and evaluates Mr. Balusu's work at the end client location.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

23. The decision is also not in accordance with law in that it is premised on the erroneous assumption that to establish an employer-employee relationship with Mr. Balusu, Tekway needed to show it actually controlled his work. However, as shown above, under two decisions of the U.S. Supreme Court, the decisions of 9 Circuit Courts of Appeal (including the D.C. Circuit), the USCIS's own binding Adjudicator's Field Manual, and two USCIS policy memorandums, only the right to control is required to establish an employer-employee relationship, and actual control is irrelevant.

24. For example, the decision demonstrates that it denied this petition because Tekway supposedly did not prove that it actually controlled Mr. Balusu's work activities through its comment that "the emails submitted between the beneficiary and end-client employees do not include you and indicate the beneficiary is taking direction from the end-client. Your organizational chart shows 25 employees reporting to Pavan Kumar, who you state will remotely supervise the beneficiary's work but you did not sufficiently explain how this will be done" and that "USCIS cannot determine … the manner in which you intend to control the beneficiary's work and day-to-day activities", all of which show that the decision was premised upon the legal error that actual control was required to establish and employer-employee relationship, while it is very well-established that only the right to control is required.

25. The decision is also arbitrary and capricious for yet another reason: it has offered an additional explanation for its conclusions that also runs counter to the evidence, that being "Without further evidence to support the existence of a valid project at your office, USCIS

| COMPLAINT | Michael E Piston (MI 002) |
|---|---|
| | Attorney for the Plaintiffs |
| | 225 Broadway, Ste 307 |
| | New York, NY 10007 |
| | 646-845-9895 |
| | michaelpiston4@gmail.com |

cannot determine that you will be able to provide work for the beneficiary, and the manner in which you intend *to* control the beneficiary's work and day-to-day activities.."

26. This claim is manifestly counter to the evidence in that Tekway never so much as suggested that Mr. Balusu would be performing services at its office at 410 STERLING RD, DOWNERS GROVE, IL 60515. Rather, it has consistently maintained that he would be providing services on the premises of AT&T and the existence of a "valid project" there is documented by Exhibit N, letter from AT&T, thereby establishing that the Tekway will be able to provide work for Mr. Balusu.

27. 5 U.S.C. § 706 provides in material part that:

> The reviewing court shall—
>
> …
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

**WHEREFORE** it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying Tekway's petition for nonimmigrant worker upon Jagadish Balusu's behalf and Mr. Balasu's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.

COUNT III

*The decision denying Tekway, Inc.'s petition upon behalf of Manoj Koduru was arbitrary and capricious and not in accordance with law.*

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

21.The decision denying Tekway's petition upon  Manoj Koduru's  behalf (and so, necessarily, his  application for change of nonimmigrant status) on the grounds that "you have not established that you will be a 'United States employer' having an  'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'" was arbitrary and capricious in that it is squarely contradicted by the record and ignores critical evidence.  Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *3. In particular, the USCIS, aside from mentioning their names, disregarded the following evidence submitted by Tekway demonstrating that it would have the legal right to control the manner and means in which Mr. Koduru's work would be  performed:

a) Exhibit E to the response to the USCIS's Request for Evidence pertaining to Mr. Koduru - the Employment Agreement between Tekway and Mr. Koduru - which provided, among other things, that Tekway was hiring Mr. Koduru, that Mr. Koduru would work at whatever premises were directed by Tekway, that Tekway would pay Mr. Koduru, and that Tekway had the right to terminate Mr. Koduru's employment at any time without cause upon written notice after the completion of 12 consecutive months of employment;

b)Exhibit G - in which Pravan Kumar, Project Manager, Operations, of Tekway, certifies that he will be supervising Mr. Koduru in his work-related duties and responsibilities and that Tekway has the ultimate control and authority over Mr. Koduru's day-to-day activities at the end client,

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

AT&T, that  Mr. Koduru is required to communicate on a regular basis with Tekway regarding his

hours worked, status of assignment, performance feedback, and similar matters, that Tekway has

the right to hire and fire Mr. Koduru, the right to control his work, the duty to pay him, and the

right to assign him additional duties;


c)      Exhibit H- a project status report pertaining to Mr. Koduru showing that he was closely

communicating with Tekway regarding his work activities;

d)      a work  organizational chart (submitted with the petition upon Mr. Koduru's behalf )

showing that Pavan Kumar directly supervised Mr. Koduru upon Tekway's behalf;

e)      Exhibit I -timesheets for Mr. Koduru showing that his work hours were being closely

monitored by Tekway;

f)      Exhibit J - earnings statements from ADP showing that Tekway was paying Mr. Koduru's

salary;

g)      Exhibit M - a letter from the Pinnacle Group stating that all of Mr. Koduru's day-to-day

activities will be controlled by his employer, Tekway, along with any discretionary decision-

making such as hiring and firing and performance evaluations;

h) Exhibit N - a letter from Bryan Kovacs, Manager,  AT&T, stating that " Mr. Manoj Kumar

Koduru is working as a sub-contractor  and shall for all purposes  be considered  as an employee

of Tekway,  Inc. We recognize  the consultant to be an employee  of Tekway, Inc. As such Tekway,

Inc. shall, for all purposes, function as Mr. Manoj Kumar Koduru employer including, without

limitation,  having all responsibilities and liability  for any H1B Visa filing or other immigration

| COMPLAINT | Michael E Piston (MI 002) |
|---|---|
| | Attorney for the Plaintiffs |
| | 225 Broadway, Ste 307 |
| | New York, NY 10007 |
| | 646-845-9895 |
| | michaelpiston4@gmail.com |

related matters, payroll, controlling his work, necessary insurance and any additional employee benefit according to relevant Federal and/or State Law, regulations or rules. End-user client doesn't have any ability to reassign Mr. Manoj Kumar Koduru's services. Only his employer has the authority to control and reassign his services."

22. As shown above, there are few propositions more firmly settled in the field of labor law than that the right of control is the gravamen of an employer-employee relationship.

23. The centrality of the right to control (and not actual control) to the employer-employee relationship is effectively conceded by the USCIS in this decision when it claims that "the record has been reviewed in its entirety to establish whether you have the **right to control** the beneficiary's employment at the third-party end client and it has been determined that you have not met the employer-employee relationship test". (emphasis added)


24. Inasmuch as "an agency cannot ignore evidence contradicting its position.", Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *23 quoting Genuine Parts Co. v. EPA, 890 F.3d 304, 312 (D.C. Cir. 2018) (quoting Butte Cty. v. Hogen, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)), therefore this decision's disregard of virtually all of Tekway's voluminous evidence showing that it had the right to control the beneficiary's work activities, and so had an employer-employee relationship with him, was arbitrary and capricious.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

25. Further, inasmuch as there is no evidence in the record that shows that Tekway does not have the right to control Mr. Koduru's work activities, the decision is also arbitrary and capricious because it runs counter to the evidence in the record. "[I]f the agency has . . . offered an explanation for its decision that runs counter to the evidence," its action is generally deemed arbitrary and capricious." Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *17-18 , quoting Animal Legal Defense Fund, Inc. v. Perdue, 872 F.3d 602, 611 (D.C. Cir. 2017). (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

22. Further, the decision is also arbitrary and capricious because the USCIS likewise failed to consider the following referenced contradictory evidence in making these factual conclusions:

a) The conclusion  that "the present record does not  sufficiently demonstrate: … The skill required to perform the specialty occupation;": disregarded the following contradictory evidence of the skill required to perform the specialty occupation:

i) EXHIBIT A to the petitioner's request for evidence is the Expert Opinion Letter issued by Full Adjunct Professor, Dr. Michael K. Lavine, of Cyber Security at the University of Maryland-University College, indicating the education required to perform the position;

ii) EXHIBIT C - the Past Practice letter issued by the petitioner indicating the education required to perform the position;

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

iii) EXHIBIT D - the Affidavit from Shashidhar Devireddy, Project Manager, Operations, of Lucid Technologies, indicating the educational requirements for the offered position in his organization;

b) "the present record does not  sufficiently demonstrate: … Whether you have the right to assign additional work to the beneficiary while he is performing

services for AT&T at their place of business;": The USCIS, in coming to this conclusion, failed to consider the following contradictory evidence: Exhibit L, Detailed Job Description and Exhibit N, end client letter from AT&T, both of which show that Tekway does in fact have the right to assign additional work to the Mr. Koduru while he is performing  services for AT&T at its place of business in Oakton, Virginia.

c) "the present record does not  sufficiently demonstrate: … Whether you can fire the beneficiary or set rules and regulations on the work the beneficiary

will be performing for AT&T;": In coming to this conclusion, the USCIS failed to consider the following contradictory evidence:

i)      Exhibit E, Employment Agreement, showing that Tekway had the right to fire the beneficiary; and

ii)     Exhibits G, M & N all showing that Tekway has the right to control Mr. Koduru's work activities, which would necessarily include the right to set rules and regulations on the work he would  be performing for AT&T;

d) the finding that "the present record does not  sufficiently demonstrate …Availability of specialty occupation work" did not consider the following contradictory evidence: EXHIBITS K, L, M & N, showing  that Mr. Koduru would be working as a Software Developer at AT&T's location,

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

which both EXHIBIT A (the Expert Opinion Letter) and EXHIBIT B2 (excerpt from the Occupational Outlook Handbook) established, and this decision did not dispute, is a specialty occupation;

e) The finding that "the present record does not  sufficiently demonstrate: …

Whether the beneficiary reports to someone higher in  your organization" did not consider the contradictory evidence contained in EXHIBITS F & G, both of which show that Tekway's  Project Manager, Operations, Mr. Pavan Kumar, closely supervises and evaluates Mr. Koduru's work at the end client location;

f) The finding that "the present record does not  sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T" disregards the following contradictory evidence: EXHIBITS  F & G, both of which show that Tekway's Project Manager, Operations, Mr. Pavan Kumar,  supervises and evaluates Mr. Koduru's work at the end client location.

27. Just to show how utterly confused and incoherent the decision was, it additionally asserted that Mr. Koduru worked in Lombard, Illinois, when in fact, again, the record unmistakably demonstrated that he work in Oakton, VA

23. The decision is also not in accordance with law in that it is premised on the erroneous assumption that to establish an employer-employee relationship with Mr. Koduru, Tekway needed to show it actually controlled his work. However, as shown above, under two decisions of the U.S. Supreme Court, the decisions of 9 Circuit Courts of Appeal (including the D.C. Circuit), the USCIS's own binding Adjudicator's Field Manual, and  two USCIS policy memorandums, only

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

the right to control is required to establish an employer-employee relationship, and actual control is irrelevant.

24. For example, the decision demonstrates that it denied this petition because Tekway supposedly did not prove that it actually controlled Mr. Koduru's work activities through its   comment that "the emails submitted between the beneficiary and end-client employees do not include you and indicate the beneficiary is taking direction from the end-client. Your organizational chart shows 25 employees reporting to Pavan Kumar, who you state will remotely supervise the beneficiary's work but you did not sufficiently explain how this will be done" and that "USCIS cannot determine … the manner in which you intend to  control the beneficiary's work and day-to-day activities", all of which show that the decision was premised upon the legal error  that actual control was required to establish an employer-employee relationship.


25. The decision is also arbitrary and capricious for yet another reason: it has offered an additional explanation for its conclusions that also runs counter to the evidence, that being "Without further evidence to support the existence of a valid project at your office, USCIS cannot determine that you will be able to provide work for the beneficiary, and the manner in which you intend to control the beneficiary's work and day-to-day activities.".

26. This claim is manifestly counter to the evidence in that Tekway  never so much as suggested that Mr. Koduru would be performing services at its office at 410 STERLING RD, DOWNERS GROVE, IL 60515. Rather, it has consistently maintained that he  would be providing services on the premises of AT&T at 1908 Reston Metro Plaza, Apt #1221, Reston, VA 20190, and the

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

existence of a "valid project" there is documented by Exhibit N, letter from AT&T, thereby establishing that Tekway will be able to provide work for Mr. Koduru.

27. 5 U.S.C. § 706 provides in material part that:

The reviewing court shall—

…

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law … .

WHEREFORE it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying Tekway's petition for nonimmigrant worker upon Manoj Koduru's behalf and Mr. Koduru's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.

COUNT IV

*The decision denying Tekway, Inc.'s petition upon behalf of Stevenson Sunchu was arbitrary and capricious and not in accordance with law.*

21.The decision denying Tekway's petition upon Stevenson Sunchu's behalf (and so, necessarily, his application for change of nonimmigrant status) on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'" was arbitrary and capricious in that it is squarely

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

contradicted by the record and ignores critical evidence.  Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *3. In particular, the USCIS, aside from mentioning their names, disregarded the following evidence submitted by Tekway demonstrating that it would have the legal right to control the manner and means in which Mr. Sunchu's work would be  performed:

a) Exhibit E to the response to the USCIS's Request for Evidence pertaining to Mr. Sunchu - the Employment Agreement between Tekway and Mr. Sunchu - which provided, among other things, that Tekway was hiring Mr. Sunchu, that Mr. Sunchu would work at whatever premises were directed by Tekway, that Tekway would pay Mr. Sunchu, and that Tekway had the right to terminate Mr. Sunchu's employment at any time without cause upon written notice after the completion of 12 consecutive months of employment;

b)Exhibit G - in which Pravan Kumar, Project Manager, Operations, of Tekway, certifies that he will be supervising Mr. Sunchu in his work-related duties and responsibilities and that Tekway has the ultimate control and authority over Mr. Sunchu's day-to-day activities at the end client, AT&T, that  Mr. Sunchu is required to communicate on a regular basis with Tekway regarding his hours worked, status of assignment, performance feedback, and similar matters, that Tekway has the right to hire and fire Mr. Sunchu, the right to control his work, the duty to pay him, and the right to assign him additional duties;

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

c)    Exhibit H- a project status report pertaining to Mr. Sunchu showing that he was closely communicating with Tekway regarding his work activities;

d)    a work  organizational chart (submitted with the petition upon Mr. Sunchu's behalf ) showing that Pavan Kumar directly supervised Mr. Sunchu upon Tekway's behalf;

e)    Exhibit I -timesheets for Mr. Sunchu showing that his work hours were being closely monitored by Tekway;

f)    Exhibit J - earnings statements from ADP showing that Tekway was paying Mr. Sunchu's salary;

g)    Exhibit M - a letter from the Pinnacle Group stating that all of Mr. Sunchu's day-to-day activities will be controlled by his employer, Tekway, along with any discretionary decision-making such as hiring and firing and performance evaluations;

    h) Exhibit N - a letter from Bryan Kovacs, Manager,  AT&T, stating that " Mr. Stevenson Sunchu is working as a sub-contractor and shall for all purposes be considered as an employee of Tekway, Inc. We recognize  the consultant to be an employee of Tekway, Inc. As such Tekway, Inc. shall, for all purposes, function  as Mr. Stevenson Sunchu employer including,  without limitation,  having all responsibilities and liability for any H1B  Visa filing or other  immigration related  matters;  payroll, controlling his work; necessary insurance and any  additional  employee  benefit according  to relevant Federal  and/or  State  Law, regulations  or rules. End-user client  doesn't have  any ability to reassign  Mr. Stevenson Sunchu's services.  Only his employer  has  the authority to control  and reassign  his services."

22. As shown above, there are few propositions more firmly settled in the field of labor law than that the right of control is the gravamen of an employer-employee relationship.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

23. The centrality of the right to control (and not actual control) to the employer-employee relationship is effectively conceded by the USCIS in this decision when it claims that "the record has been reviewed in its entirety to establish whether you have the **right to control** the beneficiary's employment at the third-party end client and it has been determined that you have not met the employer-employee relationship test". (emphasis added)

24.  Inasmuch as  "an agency cannot ignore evidence contradicting its position.", Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *23 quoting  Genuine Parts Co. v. EPA, 890 F.3d 304, 312 (D.C. Cir. 2018)  (quoting Butte Cty. v. Hogen, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)), therefore this decision's disregard of virtually all of Tekway's voluminous evidence showing that it had the right to control the Mr. Sunchu's work activities, and so had an employer-employee relationship with him, was arbitrary and capricious.

25. Further, inasmuch as there is no evidence in the record that shows that Tekway does not have the right to control Mr. Sunchu's work activities, the decision is also arbitrary and capricious because it runs counter to the evidence in the record. "[I]f the agency has . . . offered an explanation for its decision that runs counter to the evidence," its action is generally deemed arbitrary and capricious." Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *17-18 , quoting Animal Legal Defense Fund, Inc. v. Perdue, 872 F.3d 602,

| COMPLAINT | Michael E Piston (MI 002) |
|---|---|
|  | Attorney for the Plaintiffs |
|  | 225 Broadway, Ste 307 |
|  | New York, NY 10007 |
|  | 646-845-9895 |
|  | michaelpiston4@gmail.com |

611 (D.C. Cir. 2017). (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

22. Further, the decision is also arbitrary and capricious because the USCIS has likewise failed to consider the following referenced contradictory evidence in making these factual conclusions:

a) The conclusion  that "the present record does not  sufficiently demonstrate: … The skill required to perform the specialty occupation;": disregarded the following contradictory evidence:

i) EXHIBIT A to Tekway's response to the USCIS's request for evidence is the Expert Opinion Letter issued by Full Adjunct Professor, Dr. Michael K. Lavine, of Cyber Security at the University of Maryland-University College, indicating the education required to perform the position;

ii) EXHIBIT C - the Past Practice letter issued by Tekway indicating the education required to perform the position;

iii) EXHIBIT D - the Affidavit from Shashidhar Devireddy, Project Manager, Operations, of Lucid Technologies, indicating the educational requirements for the offered position in his organization;

b) "the present record does not  sufficiently demonstrate: … Whether you have the right to assign additional work to the beneficiary while he is performing

services for AT&T at their place of business;": The USCIS, in coming to this conclusion, failed to consider the following contradictory evidence: Exhibit L, Detailed Job Description and Exhibit N, end client letter from AT&T, both of which show that Tekway does in fact have the right to assign additional work to Mr. Sunchu while he is performing  services for AT&T at its place of business;

c) "the present record does not  sufficiently demonstrate: … Whether you can fire the beneficiary or set rules and regulations on the work the beneficiary

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

will be performing for AT&T;": In coming to this conclusion, the USCIS failed to consider the following contradictory evidence:

i)      Exhibit E, Employment Agreement, showing that Tekway had the right to fire the beneficiary; and

ii)      Exhibits G, M & N, all showing that Tekway has the right to control Mr. Sunchu's work activities, which would necessarily include the right to set rules and regulations on the work he would  be performing for AT&T;

d) the finding that "the present record does not  sufficiently demonstrate …Availability of specialty occupation work" did not consider the following contradictory evidence: EXHIBITS K, L, M & N, showing  that Mr. Sunchu would be working as a Software Developer at AT&T's location, which both EXHIBIT A (the Expert Opinion Letter) and EXHIBIT B2 (excerpt from the Occupational Outlook Handbook) established, and this decision did not dispute, is a specialty occupation;

e) The finding that "the present record does not  sufficiently demonstrate: …

Whether the beneficiary reports to someone higher in   your organization" did not consider the contradictory evidence contained in EXHIBITS F & G, both of which show that Tekway's  Project Manager, Operations, Mr. Pavan Kumar, closely supervises and evaluates Mr. Sunchu's work at the end client location;

f) The finding that "the present record does not  sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T" disregards the following contradictory evidence: EXHIBITS  F & G, both of which show that

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

Tekway's Project Manager, Operations, Mr. Pavan Kumar, supervises and evaluates Mr. Sunchu's work at the end client location.

23. The decision is also not in accordance with law in that it is premised on the erroneous assumption that to establish an employer-employee relationship with Mr. Sunchu, Tekway needed to show it actually controlled his work. However, as shown above, only the right to control is required to establish an employer-employee relationship, and actual control is irrelevant.

24. For example, the decision demonstrates that it denied this petition because Tekway supposedly did not prove that it actually controlled Mr. Sunchu's work activities through its   comment that "the emails submitted between the beneficiary and end-client employees do not include you and indicate the beneficiary is taking direction from the end-client. Your organizational chart shows 25 employees reporting to Pavan Kumar, who you state will remotely supervise the beneficiary's work but you did not sufficiently explain how this will be done" and that "USCIS cannot determine … the manner in which you intend to  control the beneficiary's work and day-to-day activities", all of which show that the decision was premised upon the legal error  that actual control was required to establish an employer-employee relationship.

25. The decision is also arbitrary and capricious for yet another reason: it has offered an additional explanation for its conclusions that also runs counter to the evidence, that being "Without further evidence to support the existence of a valid project at your office, USCIS cannot determine that you will be able to provide work for the beneficiary, and the manner in which you intend to control the beneficiary's work and day-to-day activities.".

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

26. This claim is manifestly counter to the evidence in that Tekway never so much as suggested that Mr. Sunchu would be performing services at its office at 410 STERLING RD, DOWNERS GROVE, IL 60515. Rather, it has consistently maintained that he would be providing services on the premises of AT&T at 3033 CHAINBRIDGE RD, OAKTON, VA 22185, and the existence of a "valid project" there is documented by Exhibit N, letter from AT&T, thereby establishing that Tekway will be able to provide work for Mr. Sunchu.

27. 5 U.S.C. § 706 provides in material part that:

The reviewing court shall—

…

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law … .

WHEREFORE it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying Tekway's petition for nonimmigrant worker upon Stevenson Sunchu's behalf and Mr. Sunchu's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.

COUNT V

*The decision denying Tekway, Inc.'s petition upon behalf of Vinaykumar Swarna was arbitrary and capricious and not in accordance with law.*

21. The decision denying Tekway's petition upon Vinaykumar Swarna's behalf (and so, necessarily, his application for change of nonimmigrant status) on the grounds that "you have not established that you will be a 'United States employer' having an 'employer-employee

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

relationship' with the beneficiary as an H-1B temporary 'employee.'" was arbitrary and capricious in that it is squarely contradicted by the record and ignores critical evidence. Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *3. In particular, the USCIS, aside from mentioning their names, disregarded the following evidence submitted by Tekway demonstrating that it would have the legal right to control the manner and means in which Mr. Swarna's work would be performed:

a) Exhibit E to the response to the USCIS's Request for Evidence pertaining to Mr. Swarna - the Employment Agreement between Tekway and Mr. Swarna - which provided, among other things, that Tekway was hiring Mr. Swarna, that Mr. Swarna would work at whatever premises were directed by Tekway, that Tekway would pay Mr. Swarna, and that Tekway had the right to terminate Mr. Swarna's employment at any time without cause upon written notice after the completion of 12 consecutive months of employment;

b)Exhibit G - in which Pravan Kumar, Project Manager, Operations, of Tekway, certifies that he will be supervising Mr. Swarna in his work-related duties and responsibilities and that Tekway has the ultimate control and authority over Mr. Swarna's day-to-day activities at the end client, AT&T, that Mr. Swarna is required to communicate on a regular basis with Tekway regarding his hours worked, status of assignment, performance feedback, and similar matters, that Tekway has the right to hire and fire Mr. Swarna, the right to control his work, the duty to pay him, and the right to assign him additional duties;

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

c)      Exhibit H- a project status report pertaining to Mr. Swarna showing that he was closely communicating with Tekway regarding his work activities;

d)      a work  organizational chart (submitted with the petition upon Mr. Swarna's behalf ) showing that Pavan Kumar directly supervised Mr. Swarna upon Tekway's behalf;

e)      Exhibit I -timesheets for Mr. Swarna showing that his work hours were being closely monitored by Tekway;

f)      Exhibit J - earnings statements from ADP showing that Tekway was paying Mr. Swarna's salary;

g)      Exhibit M - a letter from the Pinnacle Group stating that all of Mr. Swarna's day-to-day activities will be controlled by his employer, Tekway, along with any discretionary decision-making such as hiring and firing and performance evaluations;

h) Exhibit N - a letter from Shirley Delia, Supplier Liaison, Human  Resources,  AT&T, stating that "Vinay  Kumar Swarna's employer. Tekway,  Inc., not AT&T Services  or its affiliates, provides  them with compensation, has the authority  to assign  them to perform  services for one or another  of its customers. has control of its employees  and  is responsible for payment  of salaries,  administration of benefits  and payment of taxes  on behalf of its employees for the duration of their employment with it.

22. As shown above, there are few propositions more firmly settled in the field of labor law than that the right of control is the gravamen of an employer-employee relationship.

23. The centrality of the right to control (and not actual control) to the employer-employee relationship is effectively conceded by the USCIS in this decision when it claims that "the record

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

has been reviewed in its entirety to establish whether you have the right to control the beneficiary's employment at the third-party end client and it has been determined that you have not met the employer-employee relationship test". (emphasis added)

24.  Inasmuch as  "an agency cannot ignore evidence contradicting its position.", Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *23 quoting  Genuine Parts Co. v. EPA, 890 F.3d 304, 312 (D.C. Cir. 2018)  (quoting Butte Cty. v. Hogen, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)), therefore this decision's disregard of virtually all of Tekway's voluminous evidence showing that it had the right to control Mr. Swarna's work activities, and so had an employer-employee relationship with him, was arbitrary and capricious.

25. Further, inasmuch as there is no evidence in the record that shows that Tekway does not have the right to control Mr. Swarna's work activities, the decision is also arbitrary and capricious because it runs counter to the evidence in the record. "[I]f the agency has . . . offered an explanation for its decision that runs counter to the evidence," its action is generally deemed arbitrary and capricious." Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *17-18 , quoting Animal Legal Defense Fund, Inc. v. Perdue, 872 F.3d 602, 611 (D.C. Cir. 2017). (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

22. Further, the decision is also arbitrary and capricious because the USCIS has likewise failed to consider the following referenced contradictory evidence in making these factual conclusions:

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

a) The conclusion  that "the present record does not  sufficiently demonstrate: … The skill required to perform the specialty occupation;": disregarded the following contradictory evidence:

i) EXHIBIT A to Tekway's response to the USCIS's request for evidence is the Expert Opinion Letter issued by Full Adjunct Professor, Dr. Michael K. Lavine, of Cyber Security at the University of Maryland-University College, indicating the education required to perform the position;

ii) EXHIBIT C - the Past Practice letter issued by Tekway indicating the education required to perform the position;

iii) EXHIBIT D - the Affidavit from Shashidhar Devireddy, Project Manager, Operations, of Lucid Technologies, indicating the educational requirements for the offered position in his organization;

b) "the present record does not  sufficiently demonstrate: … Whether you have the right to assign additional work to the beneficiary while he is performing

services for AT&T at their place of business;": The USCIS, in coming to this conclusion, failed to consider the following contradictory evidence: Exhibit L, Detailed Job Description and Exhibit N, end client letter from AT&T, both of which show that Tekway does in fact have the right to assign additional work to Mr. Swarna while he is performing  services for AT&T at its place of business;

c) "the present record does not  sufficiently demonstrate: … Whether you can fire the beneficiary or set rules and regulations on the work the beneficiary

will be performing for AT&T;": In coming to this conclusion, the USCIS failed to consider the following contradictory evidence:

i)      Exhibit E, Employment Agreement, showing that Tekway had the right to fire the beneficiary; and

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

ii)   Exhibits G, M & N, all showing that Tekway has the right to control Mr. Swarna's work activities, which would necessarily include the right to set rules and regulations on the work he would  be performing for AT&T;

d) the finding that "the present record does not  sufficiently demonstrate …Availability of specialty occupation work" did not consider the following contradictory evidence: EXHIBITS K, L, M & N, showing  that Mr. Swarna would be working as a Software Developer at AT&T's location until at least December 27, 2019 (with the possibility of extension), which both EXHIBIT A (the Expert Opinion Letter) and EXHIBIT B2 (excerpt from the Occupational Outlook Handbook) established, and this decision did not dispute, is a specialty occupation;

e) The finding that "the present record does not  sufficiently demonstrate: …  Whether the beneficiary reports to someone higher in   your organization" did not consider the contradictory evidence contained in EXHIBITS F & G, both of which show that Tekway's  Project Manager, Operations, Mr. Pavan Kumar, closely supervises and evaluates Mr. Swarna's work at the end client location;

f) The finding that "the present record does not  sufficiently demonstrate: …Whether, and if so, to what extent you will supervise the beneficiary's work while he is performing services for AT&T" disregards the following contradictory evidence: EXHIBITS  F & G, both of which show that Tekway's Project Manager, Operations, Mr. Pavan Kumar,  supervises and evaluates Mr. Swarna's work at the end client location.

23. The decision is also not in accordance with law in that it is premised on the erroneous assumption that to establish an employer-employee relationship with Mr. Swarna, Tekway needed

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

to show it actually controlled his work. However, as shown above, only the right to control is required to establish an employer-employee relationship, and actual control is irrelevant.

24. For example, the decision demonstrates that it denied this petition because Tekway supposedly did not prove that it actually controlled Mr. Swarna's work activities through its   comment that "the emails submitted between the beneficiary and end-client employees do not include you and indicate the beneficiary is taking direction from the end-client. Your organizational chart shows 25 employees reporting to Pavan Kumar, who you state will remotely supervise the beneficiary's work but you did not sufficiently explain how this will be done" and that "USCIS cannot determine … the manner in which you intend to  control the beneficiary's work and day-to-day activities", all of which show that the decision was premised upon the legal error  that actual control was required to establish an employer-employee relationship.


25. The decision is also arbitrary and capricious for yet another reason: it has offered an additional explanation for its conclusions that also runs counter to the evidence, that being "Without further evidence to support the existence of a valid project at your office, USCIS cannot determine that you will be able to provide work for the beneficiary, and the manner in which you intend to control the beneficiary's work and day-to-day activities.".

26. This claim is manifestly counter to the evidence in that Tekway  never so much as suggested that Mr. Swarna would be performing services at its office at 410 STERLING RD, DOWNERS GROVE, IL 60515. Rather, it has consistently maintained that he  would be providing services on

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

the premises of AT&T and the existence of a "valid project" there is documented by Exhibit N, letter from AT&T, thereby establishing that Tekway will be able to provide work for Mr. Swarna.

27. 5 U.S.C. § 706 provides in material part that:

The reviewing court shall—

…

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law … .

WHEREFORE it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying Tekway's petition for nonimmigrant worker upon Vinaykumar Swarna's behalf and Mr. Swarna's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.

Respectfully submitted this   day of January, 2019

*s/Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|