## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| STELLAR IT SOLUTIONS, INC., F/K/A STELLAR SOFTWARE NETWORK, INC., *et al.* | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 18-cv-2015 (RC) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) ) |
| Defendant. | ) ) ) |

---

### DEFENDANTS' OPPOSITION TO
### PUTATIVE INTERVENOR'S MOTION TO INTERVENE

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

JOSHUA S. PRESS
Trial Attorney
Office of Immigration Litigation
District Court Section
Civil Division, U.S. Department of Justice
450 5th Street NW
Washington, DC 20530
(202) 305-0106
joshua.press@usdoj.gov

Dated: November 1, 2018                    *Attorneys for Defendants*

## ARGUMENT

On January 3, 2019, putative intervener—Tekway, Inc. ("the Movant")—filed a motion seeking to intervene permissively in this matter. *See* ECF No. 18 and its accompanying memorandum, ECF No. 18-1 (hereinafter, "Motion"). Defendant the United States Citizenship and Immigration Services ("USCIS") opposes the Motion because the Movant has failed to establish that it is entitled to permissively intervene under Fed. R. Civ. P. 24(b). This is so because the Movant has failed to establish that the Plaintiffs do not adequately represent their stated interests in this litigation—which Tekway repeatedly insists are identical to the issues presented by Stellar IT's own case. *See* Motion at 4. This is not surprising given how the Movant is represented by the *exact same* counsel as the Plaintiffs'. But that is no reason to compel permissive intervention. If anything, it guarantees that the arguments made by Plaintiffs and the Movant against USCIS will be the same, except with different factual circumstances and complications behind each of the petition denials. In this way, the Motion to Intervene is entirely premature when the substantive basis for the entire lawsuit—Plaintiff Stellar IT Solutions, Inc.'s H-1B petition—is still with USCIS's Administrative Appeals Office ("AAO") and may be entirely mooted by the AAO's disposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(b) governs permissive intervention, and provides that the Court "may permit" a person to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In deciding whether to permit intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Permissive intervention is inherently discretionary, and a court may deny a motion for permissive intervention

1

even if the movant has met all of the requirements of Rule 24(b)." *Love v. Vilsack*, 304 F.R.D. 85, 89 (D.D.C. 2014) (citation omitted), *aff'd*, No. 14-5185, 2014 WL 6725758 (D.C. Cir. Nov. 18, 2014). When seeking intervention under Rule 24(b)(1)(B), "the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

Finally, intervention "may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Advisory Committee Notes to the 1966 Amendments to the FRCP*; *see also* Wright, Miller & Kane, *Fed. Practice & Procedure*, Vol. 7C, § 1913 at 391–92; *Smuck v. Hansen*, 408 F.2d 175, 180 (D.C. Cir. 1969) (holding the nature of the applicant's interest "may play a role in determining the sort of intervention which should be allowed"). Therefore, a court granting intervention may limit the intervention as appropriate.

## ARGUMENT

In deciding a motion for permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention is "an inherently discretionary enterprise," *Nat'l Children's Ctr.*, 146 F.3d at 1046, and intervention is particularly unwarranted here because even though this case is still in its nascent stages, there is good reason to suspect that allowing an additional party to participate—even involving the same legal issue as presented in Stellar IT's denied petition—would delay, or at least complicate, resolution of the matter.

With the addition of a completely new set of petition denial—each with new facts and circumstances assessed by USCIS—intervention will not "significantly contribute to ... the just

2

and equitable adjudication of the legal question presented" and should be denied. *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015) (quoting *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 313 (D.D.C. 2011)). Intervention would accomplish little more than doubling down on arguments that Stellar IT is already making, and there is little to be gained by that while Stellar IT's H-1B petition is still being considered by the AAO and may very well moot out. In fact, this was the very basis for the agreed-upon stay of this litigation. *See* Minute Order of February 15, 2019 and ECF No. 21. This Court may properly exercise its discretion to deny intervention under these circumstances. If Movant insists on being heard regarding the legal issue it believes is so similar to its own four H-1B petition denials, there is no reason it could not present its views to the Court as *amici curiae*.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Intervene.

DATED: February 18, 2019          Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
Office of Immigration Litigation
District Court Section
Civil Division, U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 305-0106
Fax: (202) 305-7000
e-Mail: joshua.press@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this February 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ Joshua S. Press
JOSHUA S. PRESS
Trial Attorney